SAMUEL S. HAYES

*v.*

JOHANNA MOYNIHAN.

MEASURE OF DAMAGES—*in actions ex contractu.* In actions on contracts, actual or compensatory damages only are recoverable.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion sufficiently states the case.

Mr. FRANCIS ADAMS and Mr. M. F. TULEY, for the appellant.

Mr. E. VAN BUREN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the superior court of Chicago, against appellant. The declaration contains but a special count, which avers that, in April, 1868,

appellee was the owner of a lot in the city of Chicago, describing it, on which there was a brick dwelling house, owned and occupied by appellee, which rested on a foundation built six feet below the surface of the ground ; that appellant, being desirous of erecting store houses on adjoining lots and abutting appellee's house, and it being necessary to make excavations for the purpose, and being desirous of sinking such excavations below and under appellee's foundation wall, appellant, in consideration that appellee would consent thereto, and would not institute legal proceedings to prevent his making such excavations, and would permit him to place dimension stone under the foundation wall of appellee's house, agreed that he would settle with her, and pay all damages she had or might sustain thereby, and by reason of building his foundation walls great injury had ensued. To the declaration the general issue was filed.

At the January term, 1869, a trial was had before the court and a jury, resulting in a verdict in favor of appellee, for $2230. A motion for a new trial was entered, but overruled by the court, and judgment rendered on the verdict. To reverse that judgment, the record is brought to this court by appeal, and errors are assigned.

It is urged that there is a variance between the declaration and the evidence ; that it is averred appellant promised to pay whatever damages appellee might sustain by the construction of his foundation, while it is contended he only promised to pay whatever damages should be sustained, and for which he would be legally liable. The testimony given by appellee fully sustains the declaration, but that of appellant is, that he was only to pay for such damages as he might cause, and for which he would be legally liable. The evidence of Asay is not definite, and when considered by itself, leaves it doubtful ; but he says appellee would be more apt to remember it correctly than he would, as she had an immediate interest, and had gone to his office to procure an injunction to stop appellant from proceeding with the excavation for the cellar.

As the result of that interview, appellee did not proceed with legal proceedings, and soon after gave her consent that the work might proceed. We infer, whatever may have been appellant's understanding, that appellee understood the agreement as she details it. She is more positive in giving her evidence than appellant. She seems to be more clear, and enters more into details than he does, as to what was said and done. That there is a conflict, is manifest, but it is of that character that both seem to be convinced of the truth of their own version of the arrangement. When it is remembered that appellant and Asay had discussed the legal questions involved in the case, it is not unreasonable to suppose that he and Asay both would be liable to be less certain in their recollection of the agreement. According to appellant's own testimony, he suspended operations for a short time after this interview, and until appellee gave her assent; and if he had been clear that, by the agreement, he was only to pay to the extent the law imposed a liability, why suspend work?

It appears appellant and appellee had a subsequent interview, at the end of which, he says he wrote a note, and sent it by her, to his workmen, to proceed. It may be that appellee had confused what was said at the two interviews, in giving her testimony. But be that as it may, the jury, in the conflict, have decided in favor of her evidence, and we are not prepared to hold that they did wrong. It is true, the testimony is not of that clear and positive character that is desirable, but the jury have found that it sustains the contract set out in the declaration.

It is also objected that the damages are excessive. The evidence on behalf of appellee, if taken at the highest estimate, would only make the cost of repairing the house $1600 or $1800. The witnesses who place it at that sum, when they come to give the items and their cost, do not make it so much. Garnsey makes it $901, and Barrows $1044, taking the highest estimate they place on the labor and materials. They both say the house, when thus repaired, would, perhaps, sell for

$500 less than before it was injured—in the one case, the aggregate of $1401, and the other, $1544. And should the item for risk be added in the first, it would amount to $1901, and in the other, $2044. On Garnsey's evidence, the verdict is $186, and on Barrow's, $229, too high.

But the evidence of appellant's witnesses, Fitzgerald and Agnew, estimate the cost at $557, and if the depreciation in value and amount appellee's witnesses name for risk were added, it would make but $1557 for the cost. Again, the witnesses who fix the depreciation in value at $500, do not speak with any great degree of certainty as to the fact, while Harris, one of appellee's witnesses, thinks it would not exceed $300. Again, appellant's witnesses say it is not customary to charge for the risk, but suppose it is meant for profits of the contractor; still it would seem to be high on the amount of work to be done. It would not look reasonable to suppose the contractor ever expects to make a profit of fifty per cent on the cost of erecting a building, or even for repairing this one. One of appellant's witnesses swore he would undertake to do the work at his estimate, with ten per cent added. It is true, these witnesses do not think it is necessary to plaster the entire house, or to expend so much on the roof as do the witnesses for appellee; but if these items, at $240, were added, it would still be under $1800. And allowing rent during the time the repairs are being made, still the verdict on either estimate is too large.

This is an action on contract, and there can be no claim for punitive damages. They can only be allowed in actions for torts. In recoveries of this character, only the actual or compensatory damages are recoverable. And in any view of the evidence we fail to see that it warrants the sum found by the jury. Being excessive and unauthorized, the court below should have granted a new trial. The judgment of the court below must, therefore, be reversed and the cause remanded.

*Judgment reversed.*