ROGER T. HOFFMAN, Plaintiff-Appellant, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

Second District   No. 79-720

Opinion filed June 27, 1980.

Robert K. Skolrood, Jack D. Ward, and Jan H. Ohlander, all of Reno, Zahm, Folgate, Skolrood, Lindberg & Powell, of Rockford, for appellant.

Robert K. Clark, of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting the motion of defendant, Allstate Insurance Co., to dismiss counts II through V of a complaint filed by plaintiff, Roger T. Hoffman. The complaint states that plaintiff's car, which was insured by defendant, was damaged in an accident on September 18, 1978. The car was towed to a nearby service station and was thereafter removed by defendant to an unknown location. On September 26, 1978, one of defendant's adjusters, Jack Dooley, informed plaintiff that defendant deemed the car a total loss; he tendered and plaintiff accepted a check for $116.37 in full payment for the loss pursuant to the collision coverage portion of the insurance policy. Dooley explained the computation used to reach this figure; included in the

calculation was a deduction of $55 which Dooley said was for "dealer preparation and shampoo," and which the adjuster's worksheet showed as a deduction in a category termed "condition prior to loss (am't needed to bring car to avg retail condition)." When plaintiff asked Dooley why such a deduction was made on a totally destroyed car, Dooley responded with words to the effect that "Allstate always does that." The check was returned uncashed to defendant on October 20, 1978. Plaintiff twice requested the location of the car for the purpose of having it appraised and apparently was never given this information.

In considering the dismissal of each count, we bear in mind that in determining the legal sufficiency of a complaint on a motion to dismiss, all facts well pleaded are to be taken as true. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. App. 2d 179, 380 N.E.2d 790.) A reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (*J. J. Harrington & Co. v. Timmerman* (1977), 50 Ill. App. 3d 404, 365 N.E.2d 721.) Mere allegations of legal conclusions are insufficient and such conclusions need not be accepted by a court. *Morse v. Nelson* (1977), 48 Ill. App. 3d 895, 363 N.E.2d 167.

Count II alleges a conversion of a car by defendant. While the basis of an action for conversion is the wrongful deprivation of property from the person entitled to possession (*Hobson's Truck Sales, Inc. v. Carroll Trucking, Inc.* (1971), 2 Ill. App. 3d 978, 276 N.E.2d 89), a party claiming a conversion must allege the following factors in his complaint:

> "(1) an unauthorized and wrongful assumption of control, dominion or ownership by a person over the personalty of another; (2) his right in the property; (3) his right to the immediate possession of the property, absolute and unconditional; and (4) a demand for possession thereof."

*Farns Associates, Inc. v. Sternback* (1979), 77 Ill. App. 3d 249, 252, 395 N.E.2d 1103.

■■ Although he did request the location of the car so as to make an independent appraisal, plaintiff does not allege that he ever made a demand for possession; we do not believe that a request for location equals a demand for possession. Plaintiff pointed out that in *Landfield Finance Co. v. Feinerman* (1972), 3 Ill. App. 3d 487, 279 N.E.2d 30, a First District case, a conversion was shown without a demand for possession. However, in a more recent case, *Farns Associates, Inc. v. Sternback*, the First District has included the requirement of a demand for possession, and the Third District has set forth the same requirement. (See *Hobson's Truck Sales, Inc. v. Carroll Trucking, Inc.*) In our view, an action for conversion must include a demand for possession, or it cannot be said that

there has been a *deprivation*. For these reasons, count II was properly dismissed.

Count III sounds in tort for fraud, alleging that defendant made "spurious" deductions from the retail value of the car and induced the plaintiff to accept the $116.37 check by representing those deductions as being legitimate.

An action for fraud has the following elements:

"(1) [There] must be a statement of material fact, as opposed to opinion;

(2) [the statement] must be untrue;

(3) the party making the statement must know or believe it to be untrue;

(4) the person to whom the statement is made must believe and rely on it, and have a right to do so;

(5) the statement must have been made for the purpose of inducing the other party to act; and

(6) the reliance by the person to whom the statement is made must lead to his injury."

*Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 48, 390 N.E.2d 393.

■■ Without discussing the other elements, we note that paragraph 17 of count III states that the plaintiff relied on the representations of defendant and received the sum of money tendered by defendant to his detriment. This conclusory statement is not supported by any factual allegations. Further, plaintiff's Exhibit H indicates that plaintiff returned the $116.37 check to defendant, uncashed. Consequently, no apparent injury resulted from any purported reliance on defendant's representations, and the dismissal of count III was proper.

■■ Count IV alleges breach of a fiduciary duty of good faith and fair dealing. Three appellate districts have recently determined that the legislature, by enacting section 155 of the Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 767), has preempted the field with regard to punitive damages for violations of good faith and fair dealing. (*Tobolt v. Allstate Insurance Co.* (1979), 75 Ill. App. 3d 57, 393 N.E.2d 1171; *Urfer v. Country Mutual Insurance Co.* (1978), 60 Ill. App. 3d 469, 376 N.E.2d 1073; *Debolt v. Mutual of Omaha* (1978), 56 Ill. App. 3d 111, 371 N.E.2d 373.) These courts have rejected the Fifth District's determination in *Ledingham v. Blue Cross Plan for Hospital Care of Hospital Service Corp.* (1975), 29 Ill. App. 3d 339, 330 N.E.2d 540, that punitive damages may be sought in a cause of action for breach of good faith and fair dealing. These decisions pointed out that *Ledingham* failed to mention section 155. Furthermore, although the *Tobolt, Urfer,* and *Debolt* decisions involved factual situations dealing with unreasonable delays in

settling claims, section 155 has since been amended to also govern disputes as to the amount of a loss payable under an insurance policy. Having reviewed the above cases, we conclude that the position expressed in *Tobolt, Urfer,* and *Debolt* is correct and the claim for punitive damages in count IV was properly dismissed.

■■ However, section 155, on its face, does not preempt a plaintiff's right to claim compensatory damages for a breach of good faith and fair dealing. An examination of plaintiff's count IV reveals that it alleges spurious deductions, failure to allow for salvage value, and refusal to reveal the location of the vehicle, and that these acts were willful breaches of defendant's fiduciary duties. In our view these allegations are sufficient to withstand a motion to dismiss, and as to compensatory damages, count IV should be remanded for trial.

■■ Count V alleges a violation of section 154.6 of the Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 766.6). Plaintiff's reliance on section 154.6 is unfounded. Section 154.6 merely provides a list of acts which constitute improper claims practices. Section 154.7 (Ill. Rev. Stat. 1977, ch. 73, par. 766.7) provides that penalties for violations of section 154.6 are to be determined by the State Director of Insurance. The Director's decisions are then reviewable pursuant to the Administrative Review Act. (Ill. Rev. Stat. 1977, ch. 73, par. 1019; *Kenilworth Insurance Co. v. Mauck* (1977), 50 Ill. App. 3d 823, 365 N.E.2d 1051.) Further, in *Tobolt v. Allstate Insurance Co.,* the First District recently stated that section 154.6 is merely a definition section which provides no remedy. Such remedies are provided in section 155. (*Tobolt v. Allstate Insurance Co.*) Plaintiff has failed to mention section 155 in his complaint. Count V was therefore properly dismissed.

The decision of the trial court is accordingly affirmed except as to the claim for compensatory damages in count IV, which is reversed and remanded for trial.

Affirmed in part, reversed in part, and remanded.

VAN DEUSEN and UNVERZAGT, JJ., concur.