Aline SMITH, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

No. 80 C 4971.

United States District Court,
N.D. Illinois, E.D.

Sept. 8, 1982.

chronic alcohol abuse. None of these conditions, nor the hospitalization, was disclosed by the plaintiff or her husband in the insurance application. On the basis of what defendant depicts as a misrepresentation material to the risk assumed by it in issuing the insurance policy, Metropolitan denied the claim.

In response, Aline Smith brought suit against Metropolitan in Circuit Court and defendant subsequently removed the suit to this court. Plaintiff's complaint is in two counts. In Count I plaintiff seeks recovery of the insurance proceeds plus attorneys' fees and other costs under Section 155 of Illinois Insurance Code, ch. 73, ¶ 767, Ill. Rev.Stat., § 1 *et seq.,* (1979), alleging that Metropolitan vexatiously and unreasonably refused to pay the proceeds. In Count II, plaintiff seems to allege that defendants breached a duty of good faith and, in addition, intentionally inflicted emotional distress on plaintiff.

Currently before the court is defendant's motion for partial summary judgment on Count I and summary judgment on Count II. Specifically, Metropolitan contends that as to Count I plaintiff is not entitled to damages under § 155 of the Illinois Insurance Code because there exists a bona fide dispute between the parties and, thus, Metropolitan as a matter of law did not act vexatiously and unreasonably. As for Count II, plaintiff argues that no claim for breach of duty of good faith has been made out, and moreover, if it was, that § 155 preempts the field of extra contractual damages. Finally, Metropolitan contends that plaintiff has not stated a claim for intentional infliction of emotional distress, nor is punitive damages recoverable for such a tort.

Foos, Meyers & Jacobs, Ltd., Chicago, Ill., for plaintiff.

Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

On November 9, 1978 Andrew Smith and plaintiff Aline Smith, husband and wife, applied for and received a joint life insurance policy issued by defendant Metropolitan Life Insurance Company ("Metropolitan"). Less than one year later Andrew Smith died in an automobile accident and plaintiff made claim to Metropolitan for the proceeds allegedly due under the policy. Before making payment Metropolitan conducted a routine investigation which, they contend, disclosed that Andrew had been hospitalized for cirrhosis of the liver and

I. *Count I: Recovery of Damages under Section 155*

Section 155 provides, *inter alia,* that

In any action by or against a company wherein there is an issue of the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable

delay on settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs [or]

(b) $5,000 . . . .

Whether an insurance company has acted vexatiously or unreasonably in processing a claim is to be determined by the court in its discretion. *Howard Foundry Co. v. Hartford Fire Insurance Co.,* 222 F.2d 767 (7th Cir.), *cert. denied,* 350 U.S. 885, 76 S.Ct. 137, 100 L.Ed. 780 (1955). *Automotive Wholesalers of Illinois v. National Union Fire Insurance Co.,* 501 F.Supp. 1205, 1210 (N.D. Ill.1980). No single factor is determinative, "rather, the totality of the circumstances, taken in broad focus, will determine the matter." *Deverman v. Country Mutual Insurance Co.,* 56 Ill.App.3d 122, 14 Ill.Dec. 94, 96, 371 N.E.2d 1147, 1149 (4th Dist.1977). *See Fassola v. Montgomery Ward Insurance Co.,* 104 Ill.App.3d 825, 60 Ill.Dec. 581, 586, 433 N.E.2d 378, 383 (3d Dist.1982); *Crest v. State Farm Mutual Automobile Insurance Co.,* 20 Ill.App.3d 382, 313 N.E.2d 679, 684 (2d Dist.1974). In support of their motion for summary judgment, Metropolitan contends that because a bona fide dispute exists between the parties defendant cannot be said to have acted vexatiously and is therefore entitled to summary judgment as a matter of law. In other words, defendant's position is that even if a jury ultimately were to find that the facts misrepresented in the Smith application were not material, Metropolitan nonetheless acted in accord with underwriting regulations, common sense and case law precedent in denying the claim.

■ In opposition, plaintiff maintains that a decision at this juncture would be premature. If further evidence reveals that Metropolitan knew or should have known that the misrepresentation was not material, then the misrepresentation was not grounds for rescission and Metropolitan could be found to have taken a vexatious and unreasonable position. Further, plaintiff asserts that under Illinois law Metropolitan should be estopped from relying on the misrepresentation to avoid liability on the contract. According to plaintiff, Laura Muller, the agent of Metropolitan who sold the policy, was told by Andrew Smith at the time of application that he had been hospitalized in 1975 for leg cramps. (Dep. of A. Smith, pp. 57–59.) Nevertheless, "despite having been so put on notice and informed, albeit in layman's terms, of the deceased's medical history, Muller checked 'No' in answer to several questions regarding the deceased's medical history, and further failed to note the fact of the disclosed hospitalization in the prominent blank space provided for such notation on the application form." Under Illinois law an insurer who issues a policy with notice of an insured's medical history is estopped from using that medical condition to defeat plaintiff's claim. *Moone v. Commercial Casualty Insurance Co.,* 350 Ill.App. 328, 112 N.E.2d 626 (1st Dist.1953). *See National Discount Shoes, Inc. v. Royal Globe Insurance Co.,* 99 Ill.App.3d 54, 54 Ill.Dec. 263, 424 N.E.2d 1166 (1st Dist.1981).

■ Defendant, relying upon Muller's deposition, responds that in fact the agent was never advised prior to the issuance of the policy that Andrew Smith had been hospitalized in 1975. Moreover, at best, plaintiff's evidence only supports an inference that Muller was informed that Andrew was hospitalized for leg cramps, not that he received medical treatment for alcoholism and cirrhosis of the liver.

Viewing the facts in a light most favorable to the plaintiff, this court finds that Metropolitan's refusal to pay the insurance proceeds was in no way vexatious or unreasonable. *See Crest v. State Farm Mutual Insurance Co., supra,* 313 N.E.2d at 684. Even if plaintiff were ultimately to prevail on the merits of her claim it still could not be said that the insurance company took a vexatious and unreasonable position in rejecting the claim. *Automotive Wholesalers*

of *Illinois v. National Fire Insurance Co., supra*. Instead, all the evidence adduced thus far supports the conclusion that Metropolitan acted in good faith when it interpreted the omission of medical information as a *material* representation and in accordance with established practice rejected plaintiff's claim.

Nor does Aline Smith's estoppel theory advance her cause. There is no indication that the agent knew of the specific medical condition which Metropolitan claims to constitute the misrepresentation. Accordingly, defendant's motion for partial summary judgment with respect to that part of Count I which seeks damages under § 155 is granted.

II. *Count II: Breach of Duty and Intentional Infliction of Emotional Distress*

Plaintiff alleges in Count II that defendant's failure to honor the claim was wilful, wanton and malicious, and the "natural and proximate result of which was to inflict severe emotional distress upon the plaintiff." In its motion for summary judgment defendant interprets the cryptic allegations of Count II as attempting to state a claim for breach of duty of fair dealing and for intentional infliction of emotional distress, and plaintiff appears to accept these claims as the basis of the count.

A. *Breach of Duty of Good Faith and Fair Dealing*

 In moving for summary judgment Metropolitan contends that § 155 of the Illinois Insurance Code preempts the field of extracontractual damages arising out of an insurer's alleged bad faith refusal to settle a claim and, in any event, that plaintiff's allegations fail to state a claim for tortious conduct. Because we agree with the former argument it is not necessary to determine whether plaintiff's allegations state a claim.

Prior to 1975 and the Fifth District Appellate Court decision in *Ledingham v. Blue Cross Plan,* 29 Ill.App.3d 339, 330 N.E.2d 540 (5th Dist.1975), *rev'd on other grounds,* 64 Ill.2d 338, 1 Ill.Dec. 75, 356 N.E.2d 75 (1976), Illinois courts did not recognize a cause of action for punitive damages arising out of a breach of contract. *Wallace v. Prudential Insurance Co.,* 12 Ill.App.3d 623, 629, 299 N.E.2d 344 (1973). *See Siegal v. Health Care Service Corp.,* 81 Ill.App.3d 784, 36 Ill.Dec. 899, 905, 401 N.E.2d 1037, 1043 (1st Dist.1980). In *Ledingham* the court recognized a duty of good faith and fair dealing in the insured/insurer relationship and, relying on California case law, held that where the conduct of the insurance company in breaching this duty was outrageous, punitive damages could properly be awarded.

"Illinois cases subsequent to *Ledingham* have either affirmed its validity although denying its application in the particular case, or questioned its reasoning while refusing to accept its thesis." *Siegal v. Health Care Service Corp., supra,* 36 Ill.Dec. at 906, 401 N.E.2d at 1044. Several Illinois appellate districts recently have determined that, at least with regard to *punitive damages,* § 155 precludes recovery for breach of duty of good faith. *Hoffman v. Allstate Insurance Co.,* 85 Ill.App.3d 631, 40 Ill.Dec. 925, 407 N.E.2d 156 (2d Dist.1980); *Tobolt v. Allstate Insurance Co.,* 75 Ill.App.3d 57, 30 Ill.Dec. 824, 393 N.E.2d 1171 (1st Dist. 1979); *Debolt v. Mutual of Omaha,* 56 Ill. App.3d 111, 13 Ill.Dec. 656, 371 N.E.2d 373 (3d Dist.1978). *See Strader v. Union Hall, Inc.,* 486 F.Supp. 159, 161–63 (N.D.Ill.1980). "The rationale is that the courts should not create by judicial fiat remedies in addition to those already provided legislatively. Both courts [in *Tobolt* and *Debolt*] observed that Section 155 of the Illinois Insurance Code … confers upon an insured the right to recover attorneys' fees if the court concludes that the insurer's refusal to pay is vexatious or unreasonable." *Strader v. Union Hall, Inc., supra* at 161. Where the legislature has prescribed a remedy a court should "not only be loath" but in addition should "harbor serious doubts as to the desirability and wisdom of implementing or expanding the legislative remedy by judicial decree." *Debolt v. Mutual of Omaha,*

*supra,* 13 Ill.Dec. at 660, 371 N.E.2d at 377. *See also Urfer v. Country Mutual Insurance Co.,* 60 Ill.App.3d 469, 17 Ill.Dec. 744, 376 N.E.2d 1073 (4th Dist.1978).

In rejecting the *Ledingham* analysis these courts note that the Fifth District decision nowhere discusses § 155, much less its preemptive effect. Similarly, *Ledingham's* reliance on California case law was deemed misplaced since California has no statutory provision analogous to § 155 of the Illinois Insurance Code. *See Tobolt v. Allstate Insurance Co., supra,* 30 Ill.Dec. at 833, 393 N.E.2d at 1180. This court therefore concurs with the sentiments expressed by Judge Aspen that "*Tobolt* and *Debolt* represent a more sound interpretation of Illinois law than does *Ledingham.*" *Strader v. Union Hall, Inc., supra* at 162. Accordingly, we find that at least with regards to punitive damages § 155 preempts any common law cause of action.

Whether consequential damages may be awarded for breach of duty of good faith and fair dealing presents a different question. It can be argued that the justification for preemption outlined above most directly applies when punitive damages are sought, for the remedy provided by § 155 is in the nature of a punitive damage remedy. *Strader v. Union Hall, supra* at 162. Thus, one Illinois Appellate Court denied a motion to dismiss a count for compensatory damages, since § 155, "on its face does not preempt a plaintiff's right to claim compensatory damages for a breach of good faith and fair dealing." *Hoffman v. Allstate Insurance Co., supra,* 85 Ill.App.3d at 635, 40 Ill.Dec. 925, 407 N.E.2d 156.

The *Tobolt* court, however, rejected a distinction based on the type of damages and held that in either case the legislature preempted the field by enacting § 155. *Tobolt v. Allstate Insurance Co., supra. See Lynch v. Mid-America Fire & Marine Insurance, supra.* This court, faced with an unsettled question of state law, must render a decision which it believes the highest state court would issue if faced with identical circumstances. *Eckenrode v. Life of America Insurance, Co.,* 470 F.2d 1, 3 (7th Cir.

1972). Accordingly, we find the detailed analysis of *Tobolt* more persuasive than the conclusory statements contained in *Hoffman.*

An insurance company that "unreasonably or vexatiously delays" compensating beneficiaries necessarily acts in "bad faith", the two phrases merely representing different characterizations of the same concept. And § 155 permits recovery of compensatory damages when it provides for an award of withheld insurance proceeds as well as attorneys' fees and other costs. At the very least, therefore, a tort action under common law and a contract claim within the statutory framework are totally duplicative. Further, the reasoning in *Tobolt* concerning judicial reluctance to go beyond remedies provided in a statute applies with equal force to both punitive and compensatory relief:

"We are of the opinion that the legislature has intended to provide a remedy to an insured who encounters unnecessary difficulties with an unreasonable and vexatious insurance company. The insured can maintain an action on the contract for recovery of withheld policy benefits and upon proper finding by the court can be awarded attorneys' fees in addition to all other costs."

*Tobolt v. Allstate Insurance, supra,* 75 Ill. App.3d 57, 30 Ill.Dec. 824, 832, 393 N.E.2d 1171, 1179, *quoting Debolt v. Mutual of Omaha, supra.* Accordingly, that part of Count II that attempts to state a claim for breach of duty of good faith and fair dealing is stricken. *See Ernestrine Henke v. Travelers Insurance Co. of Ill.,* No. 80 C 5068 (N.D.Ill. October 21, 1981).

B. *Intentional Infliction of Emotional Distress*

The tort of "outrage" or "intentional infliction of emotional distress" was recognized two decades ago by the Illinois Supreme Court in *Knierim v. Izzo,* 22 Ill.2d 73, 174 N.E.2d 157 (1961). "Although the Illinois Supreme Court has not been presented with the issue, other tribunals in this state have conceded, if occasionally only *in dicta,* that an insured would be liable for its out-

rageous conduct." *Robertson v. Travelers Insurance Co.,* 100 Ill.App.3d 845, 849, 56 Ill.Dec. 222, 427 N.E.2d 302 (5th Dist.1981). *See Eckenrode v. Life of America Insurance Co., supra; Bellmer v. Charter Security Life Insurance,* 105 Ill.App.3d 234, 61 Ill. Dec. 34, 433 N.E.2d 1362 (4th Dist.1982); *Siegal v. Health Care Service Corp.,* 81 Ill. App.3d 784, 36 Ill.Dec. 899, 401 N.E.2d 1037 (1980); *Tobolt v. Allstate Insurance Co., supra; Urfer v. Country Mutual Insurance Co.,* 60 Ill.App.3d 469, 17 Ill.Dec. 744, 376 N.E.2d 1073 (4th Dist.1978); *Debolt v. Mutual of Omaha,* 56 Ill.App.3d 111, 13 Ill.Dec. 656, 371 N.E.2d 373 (3d Dist.1978).

▮ To state a cause of action for the tort of intentional infliction of emotional distress, plaintiff must allege facts which demonstrate (1) that Metropolitan's conduct was extreme and outrageous; (2) that plaintiff's emotional distress was severe; and (3) Metropolitan's conduct was such that defendant knew that severe emotional distress would be certain or substantially certain to result. *See Plocar v. Dunkin' Donuts of America,* 103 Ill.App.3d 740, 59 Ill.Dec. 418, 431 N.E.2d 1175 (1st Dist.1981); *Public Finance Corp. v. Davis,* 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976).

The undisputed facts in this case, however, clearly demonstrate that as a matter of law Metropolitan's conduct falls far short of "being so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency." Restatement (Second) of Torts, § 46 comment d (1965). *See Strader v. Union Hall, Inc.,* 486 F.Supp. 159 (N.D.Ill.1980); *Plocar v. Dunkin' Donuts of America, supra; Milton v. Illinois Bell Telephone Co.,* 101 Ill.App.3d 75, 56 Ill.Dec. 497, 427 N.E.2d 829, (1st Dist.1981). And defendant's allegation of malice or "evil motive" is also not, by itself, sufficient to show the requisite degree of outrageousness.

In conclusion, defendant's motion for partial summary judgment as to Count I and summary judgment on Count II is granted.

A cause of action for recovery of the insurance proceeds remains.