Robert Lee **ELLIS** and Joyce Ann
Ellis, Plaintiffs,

v.

**METROPOLITAN PROPERTY AND LI-
ABILITY INSURANCE COMPANY, an
insurance corporation, Defendant.**

Civ. No. 82–4287.

United States District Court,
S.D. Illinois,
Benton Division.

Oct. 22, 1982.

Mitchell, Brandon & Schmidt, Carbon-
dale, Ill., for plaintiffs.

Russell F. Watters, Brown, James, Rab-
bitt, Whaley, McMullin & Pitzer, Belleville,
Ill., for defendant.

## ORDER

FOREMAN, Chief Judge.

Before the Court is defendant's Motion
to Dismiss or in the Alternative Strike
Count III of Plaintiffs' Complaint. Count
III alleges that defendant unreasonably re-
fused to pay plaintiffs' insurance claim and
therefore breached "the duty of good faith
and fair dealing." Defendant denies that
such a cause of action exists. At issue is
whether there exists in Illinois a tort action
for breach of the duty of good faith and
fair dealing against an insurance company.

The Illinois Supreme Court has not yet
resolved this issue; the districts are any-
thing but unanimous. This Court, faced
with an unsettled state law question, must
anticipate how the Illinois Supreme Court
would resolve the conflict. *Eckenrode v.
Life of America Insurance Co.*, 470 F.2d 1,
3 (7th Cir.1972); *Strader v. Union Hall*,
486 F.Supp. 159, 161 (N.D.Ill.1980). Also,
it is recognized that when "a higher federal
court has expounded the law of the state
on a particular point, a lower court will
follow that decision in the absence of an
authoritative state decision." 1A P12
Moore's Federal Practice Section 0.309[2]
at 3124 n. 23.

It is arguable that this Court is bound by
the Seventh Circuit's determination in *Eck-
enrode* that "insurance contracts are sub-
ject to the same implied conditions of good
faith and fair dealing as are other con-
tracts." *Id.* 470 F.2d at 5. In the Court's
opinion, it is not so bound. As the Court in
*Strader* recognized, the *Eckenrode* deci-
sion,

> addressed the issue of recovery for inten-
> tional infliction of emotional harm under
> Illinois law. It was in that context that
> the court found an implied duty of good
> faith and fair dealing; nowhere in the
> opinion is it suggested that breach of the
> duty would give rise to a separate tort
> action in which punitive damages would
> be available. Thus, the Court does not
> consider *Eckenrode* controlling on this
> issue.

*Strader, supra,* 486 F.Supp. at 162–63 n. 5.
Since no higher federal court interpretation
of this issue is available, the Court must
anticipate how the Illinois Supreme Court
would rule.

The Court believes the Illinois Supreme
Court would not recognize an independent
tort action for breach of the duty of good
faith and fair dealing. Illinois already has
a statutory provision that allows the Court
to tax as costs reasonable attorneys fees
and other amounts when it finds the insur-
ance company's failure to settle or delay in
settling is "vexatious and unreasonable."
*Ill.Rev.Stat.* ch. 73, Section 767. The Court
agrees with the better reasoned lower state
court decisions, which hold that it would be

2

inappropriate for the judiciary to supplement this statutory scheme.

In *Ledingham v. Blue Cross Plan for Hospital Care*, 29 Ill.App.3d 339, 330 N.E.2d 540 (5th Dist.1975), the Fifth District found for the first time that the insurer-insured relationship gives rise to an implied duty of good faith and fair dealing, the breach of which creates both contract and tort liability. Presumably, this is the case upon which plaintiffs rely for their Count III. *See also Robertson v. Travelers Insurance Company*, 100 Ill.App.3d 845, 56 Ill.Dec. 222, 427 N.E.2d 302 (5th Dist.1981). That ruling has been vigorously attacked by other districts.

The Court in *Debolt v. Mutual of Omaha*, 56 Ill.App.3d 111, 13 Ill.Dec. 656, 371 N.E.2d 373 (3rd Dist.1978), affirmed the dismissal of the plaintiff's count requesting punitive damages for the breach of the duty of good faith and fair dealing. In so ruling, the Court reasoned that the Illinois legislature created the remedy for an insured who encounters an unreasonable and vexatious insurance company. *Ill.Rev. Stat.* ch. 73, Section 767. Consequently, the Court stated that "[w]here the legislature has provided a remedy on a subject matter we are not only loath but in addition harbor serious doubts as to the desirability and wisdom of implementing or expanding the legislative remedy by judicial decree." *Debolt, supra*, 371 N.E.2d at 377. The Court relied on two Illinois Supreme Court cases finding that a legislatively fashioned remedy could not be supplemented or altered by judicial fiat. *Cunningham v. Brown*, 22 Ill.2d 23, 174 N.E.2d 153 (1961) (Common law theory against tavern owners was not recognized because the Illinois Dram Shop Act provided the sole remedy); *Hall v. Gillins*, 13 Ill.2d 26, 147 N.E.2d 352 (1958) (The $25,000 limitation of recovery in a wrongful death action is not unconstitutional because of the right of recovery itself was created by the legislature in the first instance).

In addition, the *Debolt* Court recognized flaws in the reasoning used in *Ledingham*. First, the reliance in *Ledingham* on *Nevin v. Pullman Palace Car Co.*, 106 Ill. 222 (1883) was misplaced. In *Nevin*, the plaintiff and his family was denied use of a berth in a sleeping car without justification. The Supreme Court allowed a tort remedy against the defendant as a supplement to the contractual remedy. The *Debolt* Court was not persuaded that the *Nevin* decision supported the fashioning of a tort against an insurance carrier who refuses to pay policy benefits. In *Nevin*, the contractual remedy would be the price of the train tickets; against the insurance company, the contractual remedy would be the amount expected under the terms of the policy. The factors warranting a supplemental remedy in *Nevin* simply are not present in the context of an unreasonable or vexatious insurance company. *Debolt, supra*, 371 N.E.2d at 376–77.

Second, the *Ledingham* decision improperly relied upon several California cases as authority for an award of punitive damages for a breach of good faith and fair dealing on the part of an insurer. California has no provision comparable with *Ill. Rev.Stat.* ch. 73, Section 767. "It could well be argued that the rationale the California courts is that absent a statutory remedy punitive damages will be allowed to an aggrieved party who has been mistreated by an insurer." *Debolt, supra*, 371 N.E.2d at 378.

Finally, the reasoning in *Ledingham* is particularly suspect because it fails to acknowledge the existence of *Ill.Rev.Stat.* ch. 73 Section 767, a statute specifically tailored to remedy unreasonable and vexatious conduct. This Court agrees with *Debolt* that Section 767 "is highly significant in that it provides a remedy for an insured and thereby attempts to keep him harmless resulting from misconduct of his insurer. It may well be that the statutory remedy should provide greater relief but we hold that to be a matter for legislative determination." *Debolt, supra*, 371 N.E.2d at 378.

Other districts have joined in the criticism of *Ledingham*. *Hoffman v. Allstate Insurance Company*, 85 Ill.App.3d 631, 40 Ill.Dec. 925, 407 N.E.2d 156 (2d Dist.1980);

*Tobolt v. Allstate Insurance Co.*, 75 Ill. App.3d 37, 30 Ill.Dec. 824, 393 N.E.2d 1171 (1st Dist.1979); *Urfer v. Country Mutual Insurance Co.*, 60 Ill.App.3d 469, 17 Ill. Dec. 744, 376 N.E.2d 1073 (4th Dist.1978) (concurring opinion). The only difficulty is in determining the scope of preemptive impact of Section 767.

Citing *Tobolt, Urfer*, and *Debolt*, the Court in *Hoffman* found that Section 767 indeed preempted recovery of punitive damages for unreasonable and vexatious conduct by an insurer. However, the Court found that the statute "on its face, does not preempt a plaintiff's right to claim compensatory damages for a breach of good faith and fair dealing." *Hoffman, supra*, 407 N.E.2d at 159. However, the reasoning behind the *Tobolt* and *Debolt* decisions and the concurrence in *Urfer* is that Section 767 preempts an independent tort altogether, regardless of whether punitive and compensatory damages are demanded. In fact, the *Tobolt* Court applied the preemption analysis and dismissed a count demanding punitive and compensatory damages. The rationale behind the *Tobolt, Debolt*, and *Urfer* is that Section 767 preempts the judicial fashioning of an independent tort action for breach of the duty of good faith and fair dealing. Allowing compensatory but not punitive damages is inconsistent with this rationale. The Court agrees with the statement in *Hamilton v. Safeway Insurance Company*, 104 Ill. App.3d 353, 60 Ill.Dec. 97, 432 N.E.2d 996, 999 (1st Dist.1982) that by "enacting section [767] the legislature preempted the field of remedies available to an insured who has difficulty with an unreasonable and vexatious insurance company."

Finally, this Court's conclusion that Section 767 preempts plaintiff's theory in Count III is supported by the decision in *Strader v. Union Hall, Inc.*, 486 F.Supp. 159 (N.D.Ill.1980). Weighing the *Ledingham, Tobolt*, and *Debolt* decisions, the Court found preemption of an independent tort action and stated: "[T]he Court does not believe the Illinois Supreme Court would recognize an independent tort action for breach of the duty of good faith and

fair dealing." *Strader, supra*, 486 F.Supp. at 162. The Court agrees.

Accordingly, defendant's Motion to Dismiss or in the Alternative Strike Count III is hereby GRANTED. Count III is hereby DISMISSED.

IT IS SO ORDERED.