**William W. AABYE, David Bender, Gerald P. Campagna, Robert C. Christenson, John T. Dolby, Alfred B. Horn, Francis A. Kunz, Raymond A. Mitchell, George E. Moehlenhof, Charles E. Murphy, Bernard A. Polek, Gary L. Prior, Michael E. Reed, Jerrold Ruskin, Melinda A. Sherman, George A. Stephen, Nathan B. Swift, Jr., Max Wiczer, Ralph Bender and Joseph E. Gorman, Plaintiffs,**

v.

**SECURITY–CONNECTICUT LIFE INSURANCE CO., Defendant.**

No. 83 C 4178.

United States District Court, N.D. Illinois, E.D.

Jan. 11, 1984.

Gary L. Prior, McDermott, Will & Emery, James Coghlan, John Kukankos, Coghlan, Joyce, Nellis & Kelly, Chicago, Ill., for plaintiffs.

Thomas M. Crisham, Kevin R. Sido, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs sued Security-Connecticut Life Insurance Co. ("Security") for failure to pay a claim based upon an insurance policy, for violations of Ill.Rev.Stat. ch. 73 § 767 and for violations of the Illinois Consumer Fraud Act, Ill.Rev.Stat. ch. 121½ § 261 *et*

*seq.* Jurisdiction is asserted pursuant to 28 U.S.C. § 1332, and the amount in controversy is alleged to exceed $10,000. Presently before the Court is Security's motion to dismiss the second amended complaint. For reasons set forth below, the motion to dismiss is granted in part and denied in part.

Leslie E. Wade ("Wade") applied for a one million dollar life insurance policy from defendant in 1981 and 1982. Wade signed the first part of an application on December 30, 1981, and the second part on April 3, 1982. In 1982, Wade passed a physical examination by Security's doctor. Security issued an insurance policy on Wade's life in May, 1982. Wade assigned the policy to plaintiffs as collateral for obligations on his part totalling $463,200 plus fourteen percent interest and certain expenses. Security was advised of and accepted the assignment. Wade died on December 1, 1982, not having satisfied his obligations to plaintiffs. Plaintiffs made a claim against the insurance policy on Wade's life, but Security refused to honor the claim, stating that an investigation revealed "there was a substantial change in health between the date of application, April 13, 1982, and the date the policy was approved, delivered and the first premium paid in May, 1982." [1]

Plaintiffs assert that there was no substantial change in Wade's health between the date of application and the date the policy was approved, and that Security may not rely upon "obscure provisions" in the life insurance application, which had not been shown to Wade. Security's acceptance of premiums and subsequent denial of coverage, according to plaintiffs, violates Ill.Rev.Stat. ch. 73 § 767, Ill.Rev.Stat. ch. 121½ § 262, and constitutes bad faith and tortious conduct. Security argues that plaintiffs, as assignees, lack standing to claim relief for an alleged violation of Ill.

Rev.Stat. ch. 73 § 767, and that the denial of the claim is not actionable under the aforecited statute. As to Count III, Security asserts that the Consumer Fraud and Deceptive Business Practices Act does not apply to an insurer's refusal to pay a claim. Count IV, which sounds in outrageous conduct or unfair dealing, also fails to state a claim under Illinois law according to Security.

When considering a motion to dismiss, the allegations of the complaint must be viewed in the light most favorable to the plaintiff; such allegations will be assumed to be true. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Motions to dismiss for failure to state a claim should not be granted unless it appears from the complaint that the plaintiff can prove no set of facts entitling him or her to relief. *Id.* It is with these standards in mind that we consider the present motion.

## COUNT II

According to Ill.Rev.Stat. ch. 73 § 767,

§ 155. Attorney fees. In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

(a) 25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

---

1. According to the application for insurance, no policy shall take effect unless, during the lifetime and continued insurability of the Proposed Insured the agent has delivered the policy to the Owner, the Owner has accepted it, and the first premium for the policy has been paid...

The policy itself declared that:
this policy shall not take effect:

   \*    \*    \*    \*    \*    \*

3. If the Insured's health as shown in the application has changed so as to increase the mortality rating or class of risk before delivery and payment as above are complete.

(b) $5,000;

(c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

Whether an insurance company has acted vexatiously or unreasonably in processing a claim is to be determined by a court in its discretion. *Howard Foundry Co. v. Hartford Fire Insurance Co.*, 222 F.2d 767 (7th Cir.1955), *cert. denied*, 350 U.S. 885, 76 S.Ct. 137, 100 L.Ed. 780 (1955); *Smith v. Metropolitan Life Insurance Co.*, 550 F.Supp. 896, 898 (N.D.Ill.1982). The totality of circumstances must be considered in deciding this issue. *Deverman v. Country Mutual Insurance Co.*, 56 Ill.App.3d 122, 124, 14 Ill.Dec. 94, 96, 371 N.E.2d 1147, 1149 (4th Dist.1977).

■ Security relies upon language in the application and policy, *see* note 1, *supra*, to support its refusal to pay plaintiffs' claim. But plaintiffs' complaint asserts that there was no substantial change in Wade's health between the date of application and the date the policy was approved. As we have previously observed, we must take as true plaintiffs' well-pled allegations. *Conley v. Gibson, supra.* While the clause at issue may be valid, *Continental Illinois National Bank & Trust Co. v. Columbian National Life Insurance Co.*, 76 F.2d 733, 735 (7th Cir.1935), Security's conduct may well have been vexatious and unreasonable. But resolution of this question, which involves factual matters, is not appropriate at the present stage of this litigation. Such an inquiry is better suited to a motion for summary judgment. *See Smith v. Metropolitan Life Insurance Co.*, 550 F.Supp. 896 (N.D.Ill.1982). Accordingly, Security's motion to dismiss Count II is denied.[2]

## COUNT III

■ The Consumer Fraud and Deceptive Business Practices Act is to be liberally construed. Ill.Rev.Stat. ch. 121½ § 271a. Accordingly, the statute has been applied to insurance companies. *E.g., Fox v. Industrial Casualty Insurance Co.*, 98 Ill.App.3d 543, 54 Ill.Dec. 89, 424 N.E.2d 839 (1st Dist.1981). "Merchandise" under the act is defined to include "services," Ill.Rev.Stat. ch. 121½ § 261(b). As the court in *Fox* observed, insurance is a service and insureds are consumers for purposes of the statute. *Id.* at 546, 54 Ill.Dec. at 92, 424 N.E.2d at 842. To hold that assignees of an insured lack standing to sue under the Consumer Fraud and Deceptive Business Practices Act would contravene the broad mandate of the statute. Additionally, it is settled that when a valid assignment is effected, the assignee both acquires all of the interest of the assignor in the property that is transferred and stands in the shoes of the assignor. *Stavros v. Karkomi*, 39 Ill.App.3d 113, 123, 349 N.E.2d 599, 607 (1st Dist.1976). Accordingly, Security's motion to dismiss Count III is denied.[3]

## COUNT IV

■ Count IV avers that Security committed the tort of breach of the duty of good faith and fair dealing. The court in *Ledingham v. Blue Cross Plan for Hospital Care*, 29 Ill.App.3d 339, 330 N.E.2d 540 (5th Dist.1975), *rev'd in part*, 64 Ill.2d 338, 1 Ill.Dec. 75, 356 N.E.2d 75 (1976), first recognized this cause of action. In a previous opinion, we declined to follow *Ledingham. Strader v. Union Hall, Inc.*, 486 F.Supp. 159, 161–62 (N.D.Ill.1980). We observed that other decisions, *e.g., Tobolt v. All State Insurance Co.*, 75 Ill.App.3d 57,

---

**2.** Nothing in § 767 excludes assignees from bringing suit against an insurance company. *Scroggins v. Allstate Insurance Co.*, 74 Ill.App.3d 1027, 30 Ill.Dec. 682, 393 N.E.2d 718 (1st Dist. 1979), did not involve § 767, but rather, concerned a breach of the implied duty to negotiate in good faith. The plaintiffs in *Scroggins*, moreover, were not assignees of the insured, but were third party claimants against the insured.

**3.** Security's broad assertion that all counts of the amended complaint inadequately set forth a proper claim as to the damages and relief sought is meritless.

30 Ill.Dec. 824, 393 N.E.2d 1171 (1st Dist. 1979), which rejected the existence of such a tort, represented a sounder interpretation of Illinois law. *Id.* We see no reason to depart from our previous treatment of this issue, and Count IV is therefore dismissed.

---

Accordingly, Security's motion to dismiss Counts I, II and III is denied; its motion to dismiss Count IV is granted. It is so ordered.[4]

---

**4.** Security also objects to plaintiffs' request for attorneys' fees and costs in Count I. Plaintiffs have conceded that claims for attorneys' fees absent statutory authorization do not lie in Illinois. Nevertheless, attorneys' fees may be awarded with respect to Count II, Ill.Rev.Stat. ch. 73 § 767, and Count III, Ill.Rev.Stat. ch. 121½ § 270a. Punitive damages, moreover, appear to be awardable under ch. 121½ § 270a(c).