**Norma THIEL, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

**No. 85 C 1645.**

United States District Court, N.D. Illinois, E.D.

Dec. 3, 1985.

Paul Peldyak, John A. McGuire, Chicago, Ill., for plaintiff.

Joseph Hasman, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, Norma Thiel (Thiel), brought this action against the defendant, Pruden-tial Insurance Company of America (Prudential). Their dispute arises out of Prudential's refusal to pay Thiel's medical expenses incurred in July of 1981. Plaintiff alleges Prudential was obligated to pay her medical costs under the parties' insurance agreement. Count I of the complaint seeks recovery of those expenses, a statutory penalty, and attorney's fees under Ill.Rev. Stat., ch. 73, § 767. Count II essentially incorporates the facts alleged in Count I, but adds that the failure and refusal of Prudential to pay the claim was "vexatious, improper, willful, in bad faith and tortious and was intended at all times to oppress and harm the plaintiff ..." Count II includes an additional claim for punitive damages on the theory that the defendant's alleged breach of the insurance contract constituted an independent, willful tort, i.e. breach of a duty of good faith and fair dealing. The case is before the court on Prudential's motion to dismiss plaintiff's punitive damage claim.

### I. *Discussion*

The sole basis for defendant's motion to dismiss is that Ill.Rev.Stat., ch. 73, § 767 provides an exclusive remedy and thereby preempts plaintiff's common law claim for punitive damages.

Under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the court must apply Illinois law in determining this question. In doing so, the court must attempt to apply the law as would the Illinois Supreme Court. *See e.g. White v. United States,* 680 F.2d 1156, 1161 (7th Cir.1982); *Barr v. Safeco Insurance Co.,* 583 F.Supp. 248, 252 (N.D.Ill. 1984).

The statute, itself, is silent as to its preemptive effect. Unfortunately, the Illinois Supreme Court has not yet spoken to this question. Every Illinois Appellate Court, however, that has addressed this issue has held that Section 767 preempts a common law tort remedy for punitive damages. *See e.g. Fisher v. Fidelity & Deposit Co.,* 125 Ill.App.3d 632, 641, 80 Ill.Dec. 880, 887, 466 N.E.2d 332, 339 (5th Dist.

1984); *Kinney v. St. Paul Mercury Insurance Co.,* 120 Ill.App.3d 294, 296–297, 75 Ill.Dec. 911, 913–914, 458 N.E.2d 79, 81–82 (1st Dist.1983); *Hamilton v. Safeway Insurance Co.,* 104 Ill.App.3d 353, 356, 60 Ill.Dec. 97, 99–100, 432 N.E.2d 996, 998–999 (1st Dist.1982); *Hoffman v. Allstate Insurance Co.,* 85 Ill.App.3d 631, 634–635, 40 Ill.Dec. 925, 928, 407 N.E.2d 156, 159 (2d Dist.1980); *Tobolt v. Allstate Insurance Co.,* 75 Ill.App.3d 57, 68–72, 30 Ill.Dec. 824, 831–834, 393 N.E.2d 1171, 1178–1181 (1st Dist.1979); *Debolt v. Mutual of Omaha,* 56 Ill.App.3d 111, 116–117, 13 Ill.Dec. 656, 661, 371 N.E.2d 373, 378 (3d Dist.1978).

Similarly, every federal court, with one exception, which has addressed this question has found preemption. *See e.g. UNR Industries v. Continental Insurance Co.,* 607 F.Supp. 855, 866–868 (N.D.Ill.1984) (Hart, J.); *Aabye v. Security-Connecticut Life Insurance Co.,* 586 F.Supp. 5, 8–9 (N.D.Ill.1984) (Aspen, J.); *Barr Co. v. Safeco Insurance Co.,* 583 F.Supp. 248, 255–256 (N.D.Ill.1984) (Moran, J.); *Jenco v. Jefferson Insurance Co.,* 575 F.Supp. 980, 982 n. 2 (N.D.Ill.1983) (Aspen, J.); *Abbott Laboratories v. Granite State Insurance Co.,* 573 F.Supp. 193, 195 (N.D.Ill.1983) (Shadur, J.); *Smith v. Metropolitan Life Insurance Co.,* 550 F.Supp. 896, 899–900 (N.D.Ill.1982) (Moran, J.); *Strader v. Union Hall, Inc.,* 486 F.Supp. 159, 161–162 (N.D.Ill.1980) (Aspen, J.); *but see Roberts v. Western-Southern Life Insurance Co.,* 568 F.Supp. 536, 551 (N.D.Ill.1983) (Marshall, J.); *Kelly v. Stratton,* 552 F.Supp. 641, 648 (N.D.Ill. 1982) (Marshall, J.).

Obviously, plaintiff commends Judge Marshall's opinions in *Roberts* and *Kelly* to the court. The court, however, cannot lightly disregard decisions by Illinois' intermediate appellate courts. *See e.g. Commissioner of Internal Revenue v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–1893, 18 L.Ed.2d 886 (1967). Such decisions can only be disregarded if the court is "convinced by ... persuasive data [not considered by the appellate courts] that the highest court of the state would decide otherwise." *Gates Rubber Co. v. USM Corp.,* 508 F.2d 603, 607 (7th Cir. 1975), *quoting West v. American Telephone and Telegraph Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). *Roberts* and *Kelly,* however, express no more than a legitimate disagreement with the Illinois courts over plausible interpretations of the relevant case law and legislative history.[1] Under these unexceptional circumstances, a federal court must follow the rule supported by the "overwhelming weight of authority" of the state courts. *Mitchell v. Young Refining Corp.,* 517 F.2d 1036, 1040 n. 3 (5th Cir.1975).

Finally, plaintiff points to *Ledingham v. Blue Cross Plan,* 29 Ill.App.3d 339, 330 N.E.2d 540 (5th Dist.1975), *rev'd on other grounds,* 64 Ill.2d 338, 1 Ill.Dec. 75, 356 N.E.2d 75 (1976). Therein, the Illinois Appellate Court recognized a claim for punitive damages under similar circumstances. However, that decision, which did not consider the effect of Section 767 and relied on California law under which there was no analogue to Section 767, has been heavily criticized and does not represent the settled law of Illinois. *See e.g. Tobolt,* 75 Ill. App.3d at 68–72, 30 Ill.Dec. at 832–833, 393 N.E.2d at 1179–1180; *Debolt,* 56 Ill.App.3d at 114–115, 13 Ill.Dec. at 659–660, 371 N.E.2d at 376–377. Further, the same appellate district that decided *Ledingham,* has since held that Section 767 preempts common law tort remedies. *Fisher,* 125 Ill.App.3d at 641, 80 Ill.Dec. at 887, 466 N.E.2d at 339. Plaintiff, thus, asks the court to pronounce a bold innovation in Illinois law. A federal court, however, should not attempt "dramatic innovation" in state law. *Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 355 (7th Cir.1982). The court must be especially cautious in muddying up the long established and fundamental distinction between contract and tort.[2]

---

1. The court can add little to this debate, except to say that it finds the opinions finding preemption more persuasive.

2. The need for caution has not been lost on the Illinois courts. In *Martin v. Federal Life Insurance Co.,* 109 Ill.App.3d 596, 607, 65 Ill.Dec. 143, 154, 440 N.E.2d 998, 1000 (1st Dist.1982) the court stated, "Care must be taken to prevent the

The court concludes, with due respect to Judge Marshall, that the weight of authority among both the Illinois Appellate courts and the federal district courts holding that Section 767 preempts plaintiff's common law tort claim is most likely to be upheld by the Illinois Supreme Court.

## II. *Conclusion*

For the foregoing reasons, plaintiff's claim for punitive damages in Count II of the complaint is dismissed.

transmutation of every breach of contract into an independent tort action through bootstrapping of the general contract principle of good faith and fair dealing ... A general 'bad faith' tort based on breach of contract would undoubtedly be difficult to apply in most cases and superfluous in cases such as the present one, which primarily sounds in contract."