## CAPITOL RESOURCE FUNDING, Plaintiff,

### v.

AMERICAN WAY, INC., an Illinois Corporation, Arrington International, Inc., a Delaware Corporation, and Hilliard Arrington, an Individual, Defendants.

### No. 93 C 7735.

United States District Court, N.D. Illinois, Eastern Division.

June 13, 1994.

John M. Galich, Howard William Foster, David B. Levin, Charles N. Brusso & Associates, Chicago, IL, for plaintiff.

James P. Ostler, Jr., Chicago, IL, for American Way, Inc.

Charles Lee Goodbar, Horowitz & Goodbar, Chicago, IL, for Arrington Intern., Inc.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Capitol Resource Funding, Inc. brings this three count complaint against defendants American Way of Illinois, Inc., Arrington International, Inc., and Hilliard Arrington. Presently before the court are plaintiff's motions for summary judgment against American Way and judgment on the pleadings against Arrington International and Hilliard Arrington. For the reasons set forth below, plaintiff's motions are granted.

### I. Background

In June, 1983, defendants American Way and Arrington International entered into an agreement, whereby Arrington was to ship certain goods to American Way in return for payment of $336,000. Arrington International subsequently assigned various of its accounts receivable, including those of American Way, to plaintiff Capitol Resource. American Way was notified of the assignment, and in a letter responding to an inquiry from Capitol Resource, acknowledged the following:

1. The stated amount due represented under the invoices is $336,000 (the "Amount" Due).

2. All of the products sold by Arrington International, Inc. have been received by [American Way] and have been accepted as satisfactory.

3. The Amount Due is due and payable in full and is not subject to any offsets, returns, claims, credits or backcharges which may reduce the Amount Due.

4. [American Way] agrees not to assert against [Capitol Resource] any claim or defense which [American Way] may have against [Arrington International].

5. [American Way] acknowledges that [Capitol Resource] intends to purchase

the right to receive monies due under the invoices and that, in doing so, [Capitol Resource] will rely on this letter.

Capitol Resource subsequently demanded payment of the full balance. American Way, however, only paid $15,000 of the amount due, thus leaving $321,000 outstanding. Capitol Resource has filed this suit to recover the outstanding balance.

### II. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas*, 929 F.2d 1210, 1212 (7th Cir.1991).[1]

### III. Discussion

■ While admitting the basic facts stated above, American Way sets forth numerous reasons why summary judgment is inappropriate. First, American Way argues that it had no contract directly with Capitol Resource, and, as a result, Capitol Resource can

---

1. We note that Capitol Resource has failed to file a statement of material facts in accordance with Rule 12(m) of the General Rules of the United States District Court for the Northern District of Illinois. Although this failure provides a basis for denial of Capitol Resource's motion, we choose to exercise our discretion and consider the motion on the merits. The facts in this case are neither complicated nor, for the most part, disputed. Furthermore, American Way has not challenged Capitol Resource's failing in this regard, arguably waiving any objection it may have.

not state a claim for breach of contract. While it is true that there existed no contract between these two parties, it is also irrelevant. Capitol Resource brings this claim not as a signatory to the contract between Arrington International and American Way, but as an *assignee* of Arrington International's rights under the contract. As such, Capitol Resource is fully entitled to enforce the terms of the contract. *See, e.g., Aabye v. Security–Conn. Life Ins. Co.*, 586 F.Supp. 5, 8 (N.D.Ill.1984) ("[I]t is settled that when a valid assignment is effected, the assignee both acquires all of the interest of the assignor in the property that is transferred and stands in the shoes of the assignor.") (citing *Stavros v. Karkomi*, 39 Ill.App.3d 113, 349 N.E.2d 599, 607 (1976)).

■ American Way next argues that it should not be bound by the letter it sent to Capitol Resource, in which it waived with respect to Capitol Resource any claim or defense which it may have against Arrington International. It first suggests that this waiver is "vague and ambiguous in that it does not specify any particular transactions or time frame." However, the document expressly states that it relates to "invoice numbers 00281 and 00287 dated May 14, and July 8, 1993 from [Arrington International] to our company, American Way, Inc. . . . ." In addition, the cover letter sent by Capitol Resource to American Way, informing it of the assignment, noted that among the invoices assigned were "two which are payable by your company," and included copies of the invoices. Given these facts, American Way's current claim that its waiver letter was ambiguous is simply incredible.

American Way further argues that it should not be bound by the waiver because the text of the waiver was prepared by Capitol Resource and sent to American Way for signature. We are not sure of the relevance of this particular fact (and American Way provides no illumination or further comment). In any event, the waiver form was sent by Capitol Resource with a cover letter which expressly stated:

> In order for us to process Mr. Arrington's application, we require written verification that your Company recognizes these invoices as being payable without dispute, that all products have been accepted by your Company as satisfactory, and that there are not back charges or offsetting credit which may reduce the amounts of the invoices.
>
> . . . .
>
> Please understand that we are not attempting to collect payment at this time. If you are unable to provide the appropriate verification, or if there are some problems with the enclosed purchase orders, please advise us to that effect.

American Way was therefore free to contact Capitol Resource with any changes, corrections, or additional information regarding the invoices at issue. It did not. Instead, it sent a return correspondence on its own letterhead verifying the information requested by Capitol Resource. That the initial request and specific language came from Capitol Resource does not change the fact that American Way ultimately provided Capitol Resource with the information it sought and waived any defenses that it might have.

Next, American Way advances the following argument:

> [T]he statement was signed on behalf of American Way by a different and apparently much junior member of American Way's organization than the individual to whom it was addressed. When the plaintiff requests a statement from the company president, and receives back within hours a statement back [sic] from an Accounts Payable Manager, it is not reasonable to assume that a person in that capacity would have knowledge of facts and circumstances concerning claims and defenses beyond her control.

This argument, like all of American Way's arguments in response to Capitol Resource's motion for summary judgment, is unsupported by either affidavit or citation to legal authority.

Rule 56 of the Federal Rules of Civil Procedure sets forth the relatively straightforward requirements and procedures in a summary judgment motion:

> A party seeking to recover upon a claim ... may ... move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.
>
> . . . .
>
> .... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(a) & (e).[2]

In the present case, Capitol Resource has demonstrated, based solely upon its complaint and the attachments to it, that it is entitled to judgment as a matter of law. As noted above, American Way's response is unsupported by affidavit or otherwise. Instead, it obliquely suggests in its response brief that the individual who signed the waiver was "apparently much junior" and that an Accounts Payable Manager's representations regarding the status of an account payable should not be given credence. Absent supporting affidavit, deposition testimony, or interrogatory response, however, Rule 56 dictates that we pay these arguments no heed. Because American Way has utterly failed to fulfill its obligations under Rule 56, we conclude that Capitol Resource is entitled to summary judgment on liability.

■ American Way also challenges Capitol Resource's motion for summary judgment with respect to damages, suggesting that "there are insufficient uncontested facts to substantiate the amount which the plaintiff is claiming from American Way." In a nutshell, American Way suggests that, because Capitol Resource only paid $225,000 to Arrington International in exchange for the assignment of the accounts receivable, then that is all that Capitol Resource should be able to collect from American Way, and not than the $336,000 American Way owed Arrington International under the contract.[3]

First, American Way is wrong that this is a factual dispute precluding summary judgment. We are presented with a purely legal issue: as assignee, can Capitol Resource collect the entire amount that American Way owed the assignor, Arrington International, or is Capitol Resource limited to the amount it paid Arrington International for the assignment. Because this is a legal, rather than factual, issue, summary judgment is appropriate.

American Way is also wrong in its substantive legal argument. As noted above, when Arrington International assigned its account receivable to Capitol Resource, Capitol Resource, as assignee, became entitled to receive the full amount which American Way owed Arrington International under the contract, *i.e.,* $336,000. *See, e.g. Aabye,* 586 F.Supp. at 8. Unsupported assertions of law are seldom persuasive, and American Way's bald conclusion in this area is no exception. Accordingly, we reject American Way's argument regarding the proper measure of Capitol Resource's damages.[4]

## IV. Conclusion

For the reasons set forth above, we grant Capitol Resource's motion for summary judg-

---

**2.** Rule 56 provides that "affidavits [may] be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Fed. R.Civ.P. 56(e).

**3.** The parties agree that either of these amounts is properly reduced by the $15,000 which American Way has already paid to Capitol Resource.

**4.** Capitol Resource also maintains, as a separate ground in support of its motion for summary judgment, that American Way is estopped from asserting any defenses against Capitol Resource. American Way, however, has failed to respond to Capitol Resource's argument, thus conceding the point and providing us yet another basis for granting Capitol Resource's motion. *See Swedish Am. Hosp. v. Midwest Operating Eng.,* 842

ment against American Way.[5] It is so ordered.

F.Supp. 1039, 1043 (N.D.Ill.1993) (citations omitted).

**5.** Capitol Resource has also moved for judgment on the pleadings against Hilliard Arrington and Arrington International. Arrington and Arrington International, however, have failed to file an answering memorandum or otherwise respond to Capitol Resource's motion by April 25, 1994, as required by order of this Court dated April 12, 1994. Accordingly, under Rule 12(p) of the General Rules of the United States District Court for the Northern District of Illinois, we grant Capitol Resource's motion.